CASE 90—PETITION EQUITY—October 21.

# McDaniel, &c., v. Evans, &c.

### APPEAL FROM BREATHITT CIRCUIT COURT.

VENDOR AND VENDEE—AGREEMENT TO CONFESS JUDGMENT.—Where,
in an action by vendor against vendee to recover the purchase price
of land, and to enforce a lien therefor, the defendant agrees in writ-
ing, for a valuable consideration, to confess judgment, the agreement.
is binding, and the defendant can not thereafter resist judgment upon
the ground that the vendor's title is defective; and parol testimony,.
in the absence of fraud or mistake, will not be heard to restrict
enlarge or modify the written agreement, which, it is to be pre--
sumed, contains the entire contract.

A vendor having an action to enforce a lien for purchase-money,.
and also an injunction against the vendee to stay waste, the vendees
executed a writing agreeing, in consideration of plaintiff's consenting
to a dissolution of the injunction, that plaintiff's attorney might, at.
the next term of court, confess judgment against them for the full
amount that might then be due on the note sued on, defendants to
receive a deed when purchase-money should be paid. *Held*—That.
the agreement is binding, and that defendants can not resist judg-
ment upon the ground that plaintiff's title is defective; but the court.
erred in rejecting a plea of partial payment, as defendants only
agreed to confess judgment for the amount that might be due.

J. B. WHITE FOR APPELLANTS.

1. The misjoinder of causes of action is manifest, and the motion to com-
pel appellees to elect should have prevailed.
2. Appellants' answer presented a good defense, and should have been.
allowed to be filed.

IRVING HALSEY FOR APPELLEES.

1. To permit an answer to be filed under such a state of facts as is pre-
sented in this case would be to encourage negligence, and to offer a.
premium to parties to disregard the mandate of the court.
2. There was no misjoinder of causes of action.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This action was instituted by the appellees against
the appellants on a contract evidenced by title bond

for the sale of land, and to enforce their lien on said land for the payment of the purchase money. The appellees also obtained an injunction against the appellants preventing them from committing waste by cutting and removing the timber from said land. Afterwards the appellants and appellees entered into the following agreement :

In consideration of the plaintiffs consenting to the dissolution of the injunction, &c., the defendants agree that the plaintiffs' attorney may confess judgment against them for the full amount then due on note upon which said suit is brought at the next term of said Breathitt Circuit Court, "in the event that said McDaniel and Spicer fail to pay the same within the first ten days of the next term of said court. When purchase money is paid, said Spicer and McDaniel to receive a deed."

The consideration of the agreement to confess judgment for the amount of the note then due at the next term of court, provided the appellants failed to pay the same "within the first ten days of said term," was the dissolution of said injunction by the appellees. This agreement had the same effect, so far as presumptions are concerned, as other written agreements have. In case of a written contract which is apparently on its face complete, the presumption is that it expresses the full agreement of the parties thereto, and nothing that restricts, enlarges or modifies the agreement thus expressed will be heard, because of the presumption that the full agreement was expressed in the writing, unless it is alleged and proven that something else was agreed on

which restricted, enlarged or modified the agreement as written, and which was to be a part of it, but which was left out of it by mistake or fraud. It is also to be presumed that when the parties' contract involves the transfer from one to the other of property, the transferee is satisfied with the title as it is, and the burden is upon him to show that he has been overreached by fraud or mistake. Of course this rule does not apply to ordinary executory contracts for the sale of land, for the reason that in such sales only the equitable title is sold, with the agreement to thereafter convey the legal title, and the vendee may consistently with the agreement put in issue the vendor's ability to comply with his agreement in this respect without alleging fraud or mistake. But where, as in this case, the vendor releases a valuable right in consideration of the vendee's agreement to let judgment go against him for the price of the land which he had already bought, and for the price of which he had been sued, such agreement is based upon a sufficient consideration, and the rights of the parties stand upon the same footing as do the rights of the parties to any other written agreement, and the party wishing to be released from a compliance with the agreement must allege fraud or mistake. Here the vendees said, in substance, to the vendors, if the latter would dismiss their action of injunction against the former, they would suffer judgment to be rendered against them for the balance of the purchase price of the land. This proposition was accepted, and the vendors dismissed their said action. Now, by the agreement, the vendors part with a valuable right for

the benefit of the vendees, and in consideration thereof the vendees agree to compensate the vendors by confessing judgment for the price of the land. It seems that a simple statement of the proposition would suggest that the appellants should comply with this agreement unless they have been overreached by fraud or mistake. As the appellants agreed in said consideration to let judgment go against them for the price of the land, the presumption is that they knew the condition of the title, and were well enough satisfied with it to agree to let judgment go against them for the price. This, as said, is not an ordinary executory contract of sale, where the vendor may be required to manifest his ability to convey the legal title by simply putting in issue his ability to do so, but it is an agreement upon a valuable consideration, moving from the vendors to the vendees, for the latter's agreement to let judgment go against them for the price of land already sold to them; and it must be presumed that they were satisfied with the vendors' title, which they were to receive, as it then was, and agreed to receive it in its present condition, and unless they are able to allege and prove fraud or mistake as to the condition of the title, they must submit to the execution of their agreement.

But, by the terms of the agreement, they were only bound to let judgment go against them for the amount that was due at the time it was proposed to take the judgment. Therefore, it was entirely consistent with the agreement for them to plead the payments of twenty-five dollars, ten dollars and five dollars. For the error in rejecting this plea the judgment is reversed; otherwise it is correct, and the case is remanded with directions to proceed consistently with this opinion.